An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PACIFIC COAST STEEL,
Appellant,
vs.
STATE OF NEVADA, OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, DIVISION OF INDUSTRIAL RELATIONS, DEPARTMENT OF BUSINESS AND INDUSTRY,
Respondent.

No. 63707

**FILED**

APR 15 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

*ORDER GRANTING MOTION FOR CONFESSION OF ERROR, REVERSING AND REMANDING, AND DENYING REQUEST FOR COSTS WITHOUT PREJUDICE*

This is an appeal from a district court order that denied in part a petition for judicial review in an occupational safety matter. On August 27, 2013, this court issued an order directing appellant to file and serve the opening brief and appendix within 90 days from the date of the order and providing that briefing would proceed thereafter in accordance with NRAP 31(a)(1). Appellant received a telephonic extension of time, and then filed and served the opening brief. Respondent's answering brief was thereafter due on January 6, 2014.

On January 21, 2014, respondent filed an untimely motion for an extension of time to file the answering brief. While that motion was pending, the parties filed a stipulation to extend the time to file the answering brief until February 5, 2014. The court approved the stipulation and denied respondent's motion as moot. No further extension of time to file the answering brief has been sought or granted by this court, and to date respondent has not filed an answering brief.

14-12018

On February 26, 2014, appellant filed a motion for confession of error in accordance with NRAP 31(d). Appellant contends that respondent failed to timely file the answering brief and that appellant has contacted respondent "several times" to inquire about the answering brief. Respondent did not oppose the motion. Having considered the motion, and based on respondent's failure both to file an answering brief and to oppose appellant's motion, we grant appellant's unopposed motion and treat respondent's failure to file an answering brief as a confession of error. NRAP 31(d); *Rhode Island v. Prins*, 96 Nev. 565, 613 P.2d 408 (1980) (explaining that this court may treat a respondent's failure to file an answering brief as a confession of error). Accordingly, we reverse the district court's decision as to the denial in part of judicial review and remand this matter to the district court with instructions to grant the petition in its entirety based on respondent's confession of error on appeal and set aside the underlying decision of the Nevada Occupational Safety and Health Review Board.

Finally, with regard to appellant's request for costs, NRAP 39(c)(3) requires that any request for costs be made after the entry of judgment. Thus, we deny this request without prejudice to appellant's right to file a properly supported request for costs after this appeal is formally resolved. *See* NRAP 39(c).

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Kerry Louise Earley, District Judge
Lansford W. Levitt, Settlement Judge
Ogletree Deakins Nash Smoak & Stewart
Donald C. Smith, Division Counsel/Dept. of Business and Industry/
Div of Industrial Relations/Henderson
Eighth District Court Clerk